Charles G. BLACK, as Trustee in Bankruptcy of the Estate of Butler-Foster Milling Company, Appellant,

v.

FIRST NATIONAL BANK OF MOBILE, ALABAMA, and Merchants National Bank of Mobile, Alabama, Appellees.

No. 16975.

United States Court of Appeals Fifth Circuit.

May 26, 1958.

John R. Gilliland, Walter P. Armstrong, Jr., and J. S. Allen, Memphis, Tenn., for appellant.

Gessner T. McCorvey and R. F. Adams, Mobile, Ala., McCorvey, Turner, Johnstone, Adams & May, Mobile, of counsel, for appellees.

C. B. Arendall, Jr., and T. Massey Bedsole, Mobile, Ala., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel, for First Nat. Bank of Mobile.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

By this appeal from an order dismissing its action, plaintiff presents a single question for our decision. This is whether the district court erred in dismissing the action and the causes of action which the trustee asserted in the complaint as amended. As appellant states it in his brief:

"This is a case in which plaintiff (a resident and citizen of the State of Tennessee), Trustee in Bankruptcy of the estate of Butler-Foster Milling Company, Bankrupt (hereinafter referred to as 'Milling Company'), a corporation organized and existing under the laws of the state of Missouri, seeks to recover from the two defendant banks (each of which is a national banking association and is a resident and citizen of the State of Alabama) sums of money totalling $1,306,250, on the grounds that said money constituted assets of Milling Company and that various transfers and diversions thereof, participated in by both banks with knowledge and actual intent to hinder, delay and defraud the existing and future creditors of Mil-

ling Company, constituted a scheme or plan on the part of said banks to hinder, delay and defraud said creditors, and that said transfers and diversions, made or suffered as part of said scheme or plan, were fraudulent and voidable as to Milling Company and its creditors, and therefore null and void as to plaintiff Trustee under applicable provisions of the Bankruptcy Act including Sections 60, 67, and 70 [11 U.S.C.A. §§ 96, 107, 110]. Federal jurisdiction was invoked by virtue of diversity of citizenship and under said Sections of the Bankruptcy Act and Sec. 23 [11 U.S.C.A. § 46] thereof."

The defendants moved to dismiss the action and each cause of action, and the district judge granted the motion with leave to plaintiff to amend within thirty days. Thereupon plaintiff filed his motion for a rehearing, briefs were submitted, the motion was denied, and plaintiff filed his notice of appeal from the original order of dismissal and from the denial of his motion for rehearing.

While the appellees do suggest in limine that because the dismissal order granted leave to amend within thirty days, the order is not final and appealable, each in brief, and in oral argument in which we are assured that a decision on the merits if that is possible is desired, meets head on the issue tendered by appellant. Insisting with vigor and confidence that the complaint does not present a cause of action on which relief can be granted and the judgment of dismissal was therefore correctly entered, each in brief and argument boldly asserts that, read with every intendment in its favor, the pleading affirmatively shows that plaintiff has not been wronged by, and is therefore not entitled to relief against, either defendant.

██ In no doubt that the order of dismissal was final and appealable and that the question of its correctness is before us for decision, we begin our discussion with, and base our decision upon, a quotation from the opinion of this court in Byrd v. Bates, 5 Cir., 220 F.2d 480, at page 482, which we think fully supports appellant's position on the law:

"As we said in John Walker & Sons v. Tampa Cigar Co., 5 Cir., 197 F.2d 72, 73; 'Rule 8 of the Federal Rules of Civil Procedure, 28 U.S. C.A., provides that a pleading shall set forth a short, plain statement of the claim showing that the pleader is entitled to relief * * *. Absent from this rule is the old requirement of common law and code pleading that the pleader set forth "facts" constituting a cause of action. It is also elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted.' "

We follow it with a brief discussion giving our reasons for thinking that it was error to dismiss the action. It is in the light of these principles that the question posed must be answered. In their light, appellee's inveighing against the pleadings that they are prolix and complicated, is answered by the consideration that the very fact of their complexity tends to make more clear that an order dismissing the complaint rather than one requiring its simplification compounds and increases the error inherent in the attempt to dispose, on the pleadings, of the issues for decision here. In complete disregard of this consideration, the appellee, First National Bank, devotes a large part of its brief to the proposition that, because the amended complaint does not, as required by the rules, contain a short and plain statement of the claim and, what it calls a pall of confusion and self contradiction overhangs and clouds it, in short because the pleading is obscure, the dismissal was required. We have held to the contrary in the two cases

cited above and in Atwood v. Humble Oil & Refining Co., 5 Cir., 243 F.2d 885.

Accepting for the purpose of the argument the views of this court announced in the Byrd case, supra, that so long as it does not appear to a certainty that plaintiff would not be entitled to relief under any provable state of facts, his action should not be dismissed, appellee, First National Bank, attempts, we think without success, to demonstrate that an analysis of the pleadings shows this not to be the case here. Asserting that the complaint contains allegations making it clear to a certainty that under no state of facts provable thereunder could trustee recover against it, and urging upon us that plaintiff's pleadings show affirmatively that the assets of the bankrupt suffered no diminution as a result of the actions of the banks, appellee cites Bryce v. National City Bank of New Rochelle, 2 Cir., 93 F.2d 300, holding that the transfers complained of there could not be a fraud as to the subsidiary's creditors because the conveyances did not deplete the subsidiary's estate. Seeking to overcome the effect of the trustee's allegation, that Leval, the purchaser from the bankrupt, who had been defrauded and whose remittance furnished the moneys which give substance to this lawsuit, had affirmed the contract with the Milling Company after discovering that he had been defrauded, appellant insists that this affirmation is without significance or weight here.

We cannot at all agree. What might be said of the pleading without this allegation, it seems quite clear to us that, with it, it must be held that what the bank is trying to do here is to divert attention from the charge of fraud against it by settling against plaintiff on the pleadings issues of fact which cannot be settled in that way.

This is particularly true of the tendered issue of fact that there was fraud on the part of the bank in diverting the funds remitted to it by Leval for payment to the Milling Company to apply them to an indebtedness to the bank, the payment of which neither Leval nor the Milling Company was interested in securing. In view of this issue affirmatively tendered by the complaint, the action of the bank in crying fraud on these pleadings against the bankrupt smacks a little too much of the pot calling the kettle black. Indeed, we think that in seeking by a dismissal of the suit to prevent being required to answer for the fraud alleged against it, there is something quite pharisaical in the bank's making broad its phylacteries and insisting that since the bankrupt was guilty of an attempted fraud on Leval, the court will not inquire into whether, as alleged, the bank should be brought to book for its attempted fraud on both Leval and the bankrupt. In addition, this position seems to overlook the fact that, in a litigation of this kind where fraud is charged by everybody against nearly everybody else, it is not for the judge, by abstract dialectical reasoning, to determine on the pleadings where the truth of the pleaded matter lies. This is for the trier of facts to determine after a full hearing on the facts.

The Merchants National Bank in its brief, expressing its surprise "that appellant can make a 2-1/2 page 'statement of the case' when it took him" some 23 pages to state it in his pleadings, and vigorously asserting that the charges of fraud against it are "outrageous", devotes a portion of its brief to launching a personal attack on appellant's counsel which in the general setting of the case seems to us to be calculated to generate more heat than light. Turning then to the complaint, it endeavors to point up its contention as to its deficiencies in an argument which runs something like this: that what and all that is properly pleaded here is a claim by the Milling Company, that it made a trade with one Leval by which, in consideration of $1,306,250, it would deliver to him warehouse receipts, for 500,000 bushels of soybeans, issued by Alabama Grain Elevator Company; that Alabama Grain Company had issued these receipts fraudulently with no soybeans to back them up; that Butler, the president of both

the bankrupt Milling Company and Alabama Grain, had arranged with First National Bank for it to get possession and control of the money which Leval had remitted to the First National Bank for delivery in exchange for the worthless receipts; and that as a result of that arrangement, $398,000 of the money remitted was paid to Merchants National Bank in payment of Butler's debt to that bank, and the balance of it was applied by the First National Bank in payment of a debt owed First National by Alabama Grain. It then argues that, reduced to its fundamentals, the case as pleaded is that Alabama Grain Company and the Milling Company perpetrated a fraud on Leval in seeking to obtain money from him to which they were not entitled and that whatever Leval's claim against the banks for having been defrauded by them might be, no claim to these moneys based on the fraud practiced on Leval by the Milling Company and the Grain Company could be asserted by the trustee against the banks. In short, as Merchants National Bank sees the case, wholly apart from the outrageousness of its being charged with fraud, there is absolutely nothing in the pleaded facts which would justify the Milling Company or its trustee in recovering anything from anybody. The trustee could not recover from Leval because the bankrupt had given him nothing for the money. He could not recover from the banks money which Leval might, because of fraud upon him, be able to trace and recover because, if this were permitted, it would be to recognize in the trustee a claim on behalf of the Milling Company based upon its actions in fraud of Leval.

Against all of these contentions, appellant stands firm on the ground, first, that it is settled that it is not a ground for dismissal that the complaint is not brief, clear and to the point, citing De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378, and the cases set out above. Next, meeting all the appellees' attacks frontally, appellant urges upon us that, while both defendants argue that the bankrupt did not give anything for Leval's $1,306,250 and therefore did not obtain any title to it, so that the transfer or diversion thereof by the banks did not diminish bankrupt's estate, neither defendant cites any case, applicable to the situation here involved, so holding. Arguing that the facts alleged show that the bankrupt was entitled, as against the banks and everybody else but Leval, to said sum, plaintiff insists that since Leval has ratified the transaction there can be no question of the trustee's right to sue for and recover it for the benefit of bankrupt's creditors, including Leval.

Without undertaking, as both sides would have us do, to determine finally on the pleadings who is entitled to the money sued for, we think it cannot be successfully denied that the complaint has adequately served and will continue to serve its purpose of bringing before the court and presenting for determination by it the vital issue of whose is the money. We think, too, that the trustee of the bankrupt, on whose behalf and by whose agency the fund has come into existence, is entitled on the pleadings filed by him to bring all relevant matters into the open and before the court for its determination upon the merits after the facts have been fully developed.

The judgment is, therefore, reversed and the cause is remanded for further and not inconsistent proceedings in the course of which the court should undertake to have before it as far as possible all of the opposing parties and claims, with the end in view of reaching a decision which will fully and adequately determine as to all claimants thereto the proper disposition of the sums involved.

Reversed and remanded with directions.