Donna ROBERTSON, Appellant,

v.

Patrolman F. JOHNSTON et al., Appellees.

No. 23370.

United States Court of Appeals Fifth Circuit.

April 5, 1967.

---

Jack Peebles, New Orleans, La., for appellant.

Beuker F. Amann, Asst. City Atty., Alvin J. Liska, City Atty., Richard C. Seither, Asst. City Atty., New Orleans, La., for appellees.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

SPEARS, District Judge:

This is a Civil Rights case. The appellant is a white woman, and appellees are two white police officers for the City of New Orleans; the New Orleans Police Department; and the City of New Orleans. On the evening of June 29, 1965, appellant was arrested for vagrancy while sitting in a nightclub or cabaret called Harry's Steak House. She filed suit under Title II of the Civil Rights Act of 1964[1] in the district court, alleging that she had been arrested in order to enforce a custom or usage of the City of New Orleans which forbids or discourages white women from frequenting places that are predominantly Negro.

The suit sought to enjoin the appellees from interfering with appellant's right to enter and use the facilities of Harry's Steak House, or any place of public accommodation, or from arresting or attempting to punish her for exercising those rights. It further sought to enjoin prosecution of appellant on the vagrancy charge arising out of the arrest, then pending in municipal court.

The appellees challenged the jurisdiction of the district court to entertain the complaint, alleging that since Harry's was not a "place of public accommodation" as defined by the Act,[2] the complaint failed to state a claim on which relief could be granted.

After an evidentiary hearing, the district court held that Harry's was a "place of entertainment" within the meaning of the Act, but concluded that since its operation did not affect commerce,[3] and the alleged discrimination *by it* was not supported by state action,[4] the case should be dismissed for lack of jurisdiction. Robertson v. Johnston, 249 F.Supp. 618 (E.D.La.1966). No evidence was heard on the question as to whether discrimination or segregation in public places was required or purported to be required in New Orleans through some custom and usage, or whether appellant's arrest was for the sole purpose of enforcing such custom and usage. Because we feel that appellant's complaint states a cause of action that may be cognizable under Section 2000a–1 of the Act, we do not pass upon the question as to whether the district court was correct in concluding that Harry's was not a "place of public accommodation."

Although the district court points out that appellant's suit was based upon Sections 2000a—2000a–6 of the Act, Section 2000a–1 was not specifically relied upon by appellant, nor was it mentioned in the Court's opinion. However, "We see no reason why we should make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties." Smith Engineering Co. v. Rice, 102 F.2d 492, 499 (9th Cir. 1938), quoted with approval in Commissioner v. Chase Manhattan Bank, 259 F.2d 231, 238 (5th Cir. 1958). Section 2000a–1 provides in part that:

"All persons shall be entitled to be free, at *any establishment or place,* from discrimination or segregation of any kind on the ground of race * * *, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or

---

1. Title 42 U.S.C. §§ 2000a to 2000a–6.

2. Title 42 U.S.C. § 2000a.

3. Title 42 U.S.C. § 2000a(c).

4. Title 42 U.S.C. § 2000a(d).

political subdivision thereof." (emphasis ours).

The House Report on this section (2000a–1) states that it "requires nondiscrimination in all establishments and places *whether or not within the categories described in Section 2000a,* if segregation or discrimination therein is required or purports to be required by any State law or ordinance." (emphasis ours). U.S.Code Congressional and Administrative News, 1964, Vol. 2, p. 2396.

The complaint formally alleged that the arresting officers acted under color of a custom and usage of the City of New Orleans which forbids or discourages white women from frequenting places that are predominantly Negro; that the acts of the arresting officers and their superiors were designed to enforce such custom; and that they will continue to enforce it unless the injunctions are issued.

■ The sufficiency of the allegations in the complaint must be tested by the rule stated in Black v. First National Bank of Mobile, 255 F.2d 373, 375 (5th Cir. 1958):

"It is \* \* \* elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." Byrd v. Bates, 220 F.2d 480, 482 (5th Cir. 1955).

In the context that the words "custom and usage" [5] are alleged, they would have or purport to have, if proven, the force of a law, ordinance, regulation, rule or order of the City of New Orleans, which, in view of the comprehensive objectives [6] of the Act, we hold the language of Section 2000a–1 sufficiently broad to cover.

■ It is readily apparent, therefore, that if appellant is able to prove that discrimination or segregation is carried on under color of any custom or usage required or purported to be required by officials of the City of New Orleans, and that her arrest was for the sole purpose of enforcing such custom and usage, she may well be entitled to injunctive relief under Section 2000a–1 of the Act, whether or not Harry's falls within the categories described in Section 2000a.[7]

We reverse and remand this case to the district court for further proceedings not inconsistent herewith.

Reversed and remanded.

5. "Custom" is defined as a "usage" or practice of the people, which, by common adoption and acquiescence, and by a long and unvarying habit, has become compulsory, and has acquired the force of law with respect to the place or subject-matter to which it relates. Black, Law Dictionary, 4th Ed. 1951, page 460. See also Vol. 10, Words and Phrases, Perm.Ed., pages 732, et seq. for similar definitions.

6. For example, Section 2000a–2 provides that "no person" shall deprive, interfere with, or punish "any person" for exercising any right or privilege secured by Sections 2000a or 2000a–1; and Section 2000a–3 authorizes civil actions for injunctive relief by persons aggrieved, intervention by the Attorney General, appointment of attorney for the complainant, and commencement of the civil action without payment of fees, costs, or security. See United States by Katzenbach v. Original Knights of Ku Klux Klan, (3-Judge Court), 250 F.Supp. 330, 349, (E.D.La. 1965).

7. See also Title 42 U.S.C. § 1983, providing as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."