Thomas A. SCARFATO, et al., Plaintiffs,

v.

The NATIONAL CASH REGISTER CORP., Defendant.

No. 93–684–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Sept. 9, 1993.

David Solomon, Clearwater, FL, for plaintiffs.

Dana G. Bradford, II, Baumer, Bradford & Walters, P.A., Jacksonville, FL, for defendant.

## 1442

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss, or in the alternative for more definite statement, and Plaintiff's response thereto.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A motion for more definite statement is proper only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

### MOTION TO DISMISS PLAINTIFF JEAN SCARFATO'S CLAIM

Defendant contends that Plaintiff's complaint, whether based upon strict liability or common law negligence, should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), since it fails to sufficiently establish and/or allege the essential elements to support such an action under Florida law. Plaintiff has alleged in its complaint that Defendant manufactured a product, a cash register; that the product was unreasonably dangerous; and that Plaintiff suffered damages from the dangerous product as a direct and proximate result of the negligence of the Defendant.

■ When a federal court considers a Rule 12(b)(6) motion for dismissal at the pleading stage, the court must apply the Federal Rules of Civil Procedure and not the state law in question. *Southeast Banking Corp. v. Bassett,* 827 F.Supp. 742 (S.D.Fla. 1993). Rule 12(b)(6) is read along with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal rules permit pleading a general allegation of negligence and, as Official Form No. 9 illustrates, brevi-ty, simplicity, and avoidance of specifics are contemplated by the rules.

■ Though inartfully pled, Plaintiff has set forth in his complaint sufficient facts and information to outline his claim or to permit the appropriate inferences that may be drawn from the claim. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Further, a complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies on, since the court must determine if the allegations provide for relief on any possible theory. *Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967). This Court finds Plaintiff, Jean Scarfato's, complaint is sufficient and Defendant's motion to dismiss is denied.

### MOTION TO DISMISS THOMAS SCARFATO'S CLAIM

■ Defendant contends that if Plaintiff's complaint alleges a claim for relief on behalf of Thomas Scarfato, Jean Scarfato's husband, the claim should be dismissed with prejudice. The court agrees that a valid marriage at the time of injury is a necessary and indispensible element of any cause of action for loss of consortium. The face of the complaint establishes that there was no valid marriage at the time of injury. Therefore, Defendant's motion to dismiss Thomas Scarfato's claim is granted.

### MOTION FOR MORE DEFINITE STATEMENT

■ Defendant asserts that Plaintiff's complaint is so devoid of facts that Defendant is unable to frame a responsive pleading and requests that Plaintiff be required to make a more definite statement of the nature of the claims asserted. A motion for more definite statement is proper only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

■ Upon examination of the complaint and review of Defendant's Memorandum of

Law in Support of Motion to Dismiss, it appears that Defendant is fairly notified of the nature of the claim and that the complaint fairly meets the requirements of Fed. R.Civ.P. 8. In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices. *Bazal v. Belford Trucking Company,* 442 F.Supp. 1089 (S.D.Fla.1977). Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond. The Plaintiff's pleadings in this case do not fall within that category. Any information the Defendant requires to prepare for trial may be obtained through discovery procedures. Defendant's motion for more definite statement is denied. Accordingly, it is

**ORDERED** that Defendant's motion to dismiss be **GRANTED** as to Thomas Scarfato's claim and **DENIED** as to Jean Scarfato's claim, as explicated in the preceding paragraphs; Thomas Scarfato is dismissed as a plaintiff in this action; and Defendant's motion for more definite statement be **DENIED.** Defendant shall have ten (10) days from the date of this order to answer the remaining portions of the complaint.

**DONE and ORDERED.**