**April HODGES, Plaintiff,**

v.

**Samuel GELLERSTEDT and Alpha Medical Equipment Company, Defendants.**

**No. 93–1068–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 14, 1993.

Ronald W. Fraley, Fraley & Fraley, Tampa, FL, for April Y. Hodges.

Leonard H. Marks, Helene Ellen Marks, Marks & Marks, Tampa, FL, for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss, or the alternative for more definite statement (Docket No. 4) and the response thereto (Docket No. 6).

When the sufficiency of a claim is being challenged for the purposes of a motion to dismiss, the Court must accept the allegations as true, viewed in the light most favorable to Plaintiff. *Hishon v. King & Spalding* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A motion to dismiss should not be granted unless Plaintiff would not be able to prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A motion for more definite statement is granted only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

Plaintiff, April Hodges, brings this action against Defendants, Samuel Gellerstedt (Gellerstedt) and Alpha Medical Equipment Company under Title VII of the Civil Rights Act of 1964, based on discrimination because of sex. Plaintiff was an employee for Defendants from June 1, 1991 to January 15, 1992, during which time she alleges she was subjected to sexual harassment by Gellerstedt. In her complaint, Plaintiff alleges that Gellerstedt offered her money and material goods if she would have a sexual relationship with him. After she refused, Plaintiff alleges that the harassment continued by the display of literature of a sexual nature and sexual devices in the office in her presence. Plaintiff also alleges that Gellerstedt altered the terms and conditions of her employment by linking her employment with her submission to and toleration of sexual harassment. Specifically, Plaintiff alleges that on or about January 15, 1992, Gellerstedt attempted to initiated sex based physical contact with her body, which conduct was unsolicited and constituted harmful and offensive conduct. Moreover, Plaintiff alleges that Gellerstedt offered her money if she would undress in front of a business associate. On January 15, 1992, Plaintiff resigned from her employment at Alpha Medical Equipment Company. Count I of Plaintiff's complaint is for sex discrimination based on quid pro quo sexual harassment in the form of sexual advances and requests for sexual favors. Count II is brought for the creation of a hostile working environment by Defendant.

## MOTION TO DISMISS

Defendants move for dismissal of Plaintiff's complaint, pursuant to Fed. R.Civ.P. 12(b)(6), contending that Plaintiff failed to state a cause of action for sexual harassment in her claims of being subjected to offers of quid pro quo exchange for job benefits and creation of a hostile working environment. The elements for claims for quid pro quo sexual harassment and the creation of a hostile working environment under Title VII are set forth in *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir.1982).

According to *Henson*, there are five elements which must be alleged to establish a claim of quid pro quo sexual harassment. First, Plaintiff must belong to a protected

class. Similar to other cases of sexual discrimination, this element only requires a stipulation that the employee is a man or a woman. *Henson,* 682 F.2d at 903. Second, the employee must be subjected to unwelcomed sexual harassment. The type of conduct which constitutes sexual harassment under E.E.O.C. regulations includes "sexual advances, request for sexual favors and other physical or verbal conduct of a sexual nature." *Id.* Plaintiff alleges that Gellerstedt made sexual advances and requested sexual favors. She also makes a specific allegation that Gellerstedt initiated unwelcomed physical conduct of a sexual nature which she did not provoke. Third, the harassment complained of has to be based on sex. This element is evidenced by the fact that Gellerstedt, a male supervisor, requested sexual favors because Plaintiff was a female. The fourth element is crucial to alleging a quid pro quo claim. The employee's reaction to the harassment complained of affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment. *Henson,* 682 F.2d at 909. The acceptance or rejection of the harassment by the employee must be an expressed or implied condition to receipt of a job benefit or the cause of a job detriment. *Id.* The complaint alleges that Gellerstedt explicitly and implicitly linked Plaintiff's employment with him to her submission to his sexual advances and toleration of the sexual harassment. The fifth element of respondeat superior is the finding of strict liability on the employer for the discriminatory acts of a supervisor. The reasoning behind this rule is since the supervisor is acting within the apparent scope of authority, entrusted to him by the employer when making employment decisions, the supervisor's conduct can be fairly imputed to the source of his authority. *Henson,* 682 F.2d at 910. Since the Court must accept Plaintiff's allegations as true, viewed in the light most favorable to Plaintiff, the alleged conduct of Gellerstedt would be imputed to Alpha Medical Equipment Company. Thus, Plaintiff has alleged all five elements necessary to establish a claim of sex discrimination based on quid pro quo sexual harassment.

 The elements necessary to establish a claim of sexual discrimination based on the creation of a hostile working environment includes the first four elements of quid pro quo sexual harassment; (1) employee must belong to a protected class, (2) subjected to unwelcomed sexual harassment, (3) subjected to harassment based on sex, and (4) respondeat superior. *Henson,* 682 F.2d at 903. As stated above, Plaintiff has alleged these elements. The fifth element of a claim for hostile working environment is that the sexual harassment must be "sufficiently severe or pervasive as to alter the conditions of the employee's employment and create an abusive working environment." *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986). The E.E.O.C. guidelines state that the trier of fact must determine the existence of such harassment in light of the record as a whole and in the totality of the circumstances as to the sexual nature of the conduct. *Meritor,* 477 U.S. at 71, 106 S.Ct. at 2407. Moreover, this Court has held that "a prima facie showing in a hostile working environment is likely to consist of evidence of many or very few acts or statements by the defendant which, taken together, constitute harassment." *Robinson v. Jacksonville Shipyards, Inc.,* 760 F.Supp. 1486, 1523 (M.D.Fla.1991). When Plaintiff's allegations of sexual harassment are considered together, such allegations constitute a claim of the creation of a hostile working environment by the alleged sexual harassment of Defendant.

The Court finds Plaintiff, April Hodges', complaint is sufficient and Defendant's motion to dismiss is denied.

*MOTION FOR MORE DEFINITE STATEMENT*

 Defendants assert that Plaintiff's claim is so devoid of any facts constituting fair notice of sexual harassment that she should be required to amend. However, the complaint alleges numerous factual allegations of sexual harassment by Defendants. Plaintiff names specifically Gellerstedt as the perpetrator. Defendants allege that Plaintiff actually states only one incident, that which was on or about January 15, 1992. This is a misreading of the complaint since Plaintiff not only alleges other incidents of sexual

harassment, but gives examples such as the incidents of displaying sexual devices, of requests for sexual relations, and the offering of money conditioned upon her undressing in front of a business associate. This Court has held that in the federal system, the rules of civil procedure employ the concept of notice pleading and motions for more definite statement are not favored in light of the liberal discovery practice. *Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441 (M.D.Fla.1993). A motion for more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond. *Id.* Since the Plaintiff's complaint contains sufficient factual allegations, any information Defendants need in preparation for trial can be obtained through procedures of discovery. Defendants' motion for more definite statement is denied. Accordingly, it is

**ORDERED** that the motion to dismiss (Docket No. 4) be **denied** as to April Hodges' claim, as explicated in the preceding paragraphs; Defendants' motion for more definite statement be **denied;** and, Plaintiff's request for the award of attorney's fees and costs be **denied.** Defendants shall have ten (10) days from the date of this order to answer Plaintiff's complaint.

DONE AND ORDERED.