**Paula DIBERNARDO, Plaintiff,**

v.

**WASTE MANAGEMENT, INC. OF FLORIDA, a Florida corporation, Douglas Lukens, Ed Jeltema and Tony Masuilius, Defendants.**

Case No. 93–1243–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1993.

Adrienne Fechter and Thomas W. Dickson, Fechter & Dickson, P.A., Tampa, FL, for plaintiff.

Irving M. Miller, Akerman, Senterfitt & Eidson, Miami, FL, for defendants.

*ORDER ON MOTION TO DISMISS COUNTS II, III, IV, and V OF PLAIN-TIFF'S COMPLAINT AND MOTION TO STRIKE DEMAND FOR PUNI-TIVE DAMAGES IN COUNTS II, III, IV and V OF PLAINTIFF'S COM-PLAINT*

KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendant, Waste Management's, Motion to

Dismiss Counts II, III, IV and V of Plaintiff, Dibernardo's, complaint and Defendants, Waste Management and Jeltema's, Motion to Strike Demand for punitive damages in Counts II, III, IV, and V of Plaintiff's complaint.

## Background

On July 30, 1993 Plaintiff filed a five-count Complaint against Defendants arising out of her alleged sexual harassment which occurred at Waste Management. Count I alleges sexual harassment in violation of Title VII of the Civil Rights Act of 1964; Count II alleges Battery; Count III alleges Invasion of Privacy; Count IV alleges Intentional Infliction of Emotional Distress; and Count V alleges False Imprisonment.

Defendant Waste Management is a Florida corporation engaged in the refuse disposal industry. Defendant Lukens is the General Manager of the Pinellas Division of Waste Management of Florida. Defendant Jeltema is an operations supervisor for the Pinellas Division of Waste Management. Defendant Masuilius is the Controller for the Pinellas Division of Waste Management.

Plaintiff alleges that she was sexually harassed through Defendants' creation of a sexually hostile work environment at her workplace at Waste Management and that the actions of the Defendants constituted quid pro quo sexual harassment.

Plaintiff claims that Defendant Lukens sexually harassed Plaintiff by the creation of a hostile work environment and quid pro quo harassment in that Lukens: 1) grabbed Plaintiff from behind and pushed his body against hers, thereby, pinning her against a desk; 2) repeatedly went out of his way to brush up against Plaintiff in a sexually offensive fashion; 3) making sexually suggestive remarks about Plaintiff's body; 4) repeatedly propositioning Plaintiff; and 5) asked Plaintiff, in a sexually suggestive fashion, what Plaintiff would give him for a favorable letter of reference.

Plaintiff claims that Defendant Jeltema sexually harassed the Plaintiff by the creation of a hostile work environment and quid pro quo harassment in that Jeltema: 1) followed plaintiff into a file room, closed the door, confined Plaintiff in a corner, and told her he "would like to give it to her"; 2) repeatedly on a daily basis touched various parts of Plaintiff's body including, the breasts and buttocks, hugged Plaintiff, put his arm around Plaintiff and pushed his body against hers; and 3) routinely made extremely suggestive comments to Plaintiff.

Plaintiff claims that Defendant Masuilius sexually harassed the Plaintiff by the creation of a hostile work environment and quid pro quo harassment in that Masuilius: 1) told Plaintiff on several occasions to put the day's money deposits in his pants; 2) implied to others that he had paid for sex with the plaintiff; 3) repeatedly asked Plaintiff to go out on a date, and when she refused, he told Plaintiff he would make her life miserable and gave Plaintiff additional work assignments; and 4) consistently propositioned Plaintiff and made sexually suggestive remarks to Plaintiff. Plaintiff asserts that Defendant's harassment affected the terms, conditions or privileges of employment under 42 U.S.C. section 2000e–2(a)(1) in that her psychological well-being was seriously affected and the workplace became hostile.

Plaintiff states that she repeatedly made her harassers and Waste Management aware of the sexually offensive and unwelcome nature of the conduct to which she was subjected. Plaintiff alleges that she reported the incidents of sexual harassment by Lukens, Jeltema and Masuilius to Defendant, Waste Management, yet the harassment continued. Plaintiff further alleges that Defendant, Waste Management, knew or should have known about the sexual harassment and that Waste Management's failure to take prompt, remedial action to prevent continued harassment deprived Plaintiff of her statutory rights under Title VII. Plaintiff claims that on or about February 28, 1992 she was fired from her position at Waste Management, and that such firing was without justification and was in retaliation for Plaintiff reporting the harassment.

## Motion to Dismiss

Defendant's Motion to Dismiss moves this Court to dismiss Counts II, III, IV and V of

the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendant alleges that Plaintiff can prove no set of facts that would support a claim against Waste Management, Inc and that Plaintiff's claims only concern the individual Defendants, Lukens, Masuilius and Jeltema.

Plaintiff's common law tort claims against a defendant should not be dismissed "unless it appears beyond a doubt that Plaintiff could prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). When the sufficiency of a claim is being challenged for the purposes of a motion to dismiss, the Court must accept the allegations as true, viewed in the light most favorable to the Plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). *See also, Scheuer v. Rhodes,* 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendant lists in its memorandum of law a host of Florida cases regarding the issues of *respondeat superior.* Defendant asserts that any conduct of Defendants, Lukens, Jeltema and Masuilius, was beyond the scope of employment and Waste Management cannot be held liable for their actions. The Court finds this line of case law unpersuasive in that the cases argued by Defendants deal with the criminal acts of employees or are otherwise inapplicable to the case at bar because of factual dissimilarity.

Plaintiff alleges that Waste Management is both directly and indirectly liable for the injuries Plaintiff claims to have suffered. Plaintiff asserts that the conduct of the individual Defendants was within the scope of employment for which Waste Management is liable.

In 1986, the United States Supreme Court endorsed the position that an actual employer may be liable for sexual harassment done by any supervisory personnel, whether or not these personnel have authority to hire, fire or promote, and whether or not the actual employer had an active role in the harassment. *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). "Public policy now requires that employers be held accountable in tort for the sexually harassing environments they permit to exist, whether the tort claim is premised on a remedial statute or the common law." *Byrd v. Richardson–Greenshields Securities,* 552 So.2d 1099, 1104 (Fla.1989).

In the case at bar, Plaintiff alleges both *quid pro quo* and hostile environment sexual harassment. "Generally to prove respondeat superior in a hostile work environment sexual harassment case, the plaintiff must demonstrate that the employer knew or should have known of the harassment and failed to take prompt action to remedy the violation. *Huddleston v. Roger Dean Chevrolet, Inc.* 845 F.2d 900, 904 (11th Cir.1988) (quoting *Henson v. City of Dundee* 682 F.2d 897, 905 (11th Cir.1982)). In a *quid pro quo* sexual harassment case, the liability "is direct; the employer cannot find shelter in the claim that it neither had knowledge of or approved of the unlawful conduct." *Huddleston,* 845 F.2d at 904 (citing *Sparks v. Pilot Freight Carriers,* 830 F.2d 1554, 1559 (11th Cir.1987)).

The elements for claims for *quid pro quo* sexual harassment and the creation of a hostile work environment under Title VII are set forth in *Henson.* According to *Henson,* there are five elements which must be alleged to establish a claim of *quid pro quo* sexual harassment.

First, Plaintiff must belong to a protected class. This element only requires a stipulation as to the gender of the plaintiff; in the case at bar it is undisputed that Plaintiff, as a female, falls into a protected class.

Second, the employee must be subjected to unwelcome sexual harassment. "The type of conduct which constitutes sexual harassment under E.E.O.C. regulations includes sexual advances, requests for sexual favors and other physical or verbal conduct of a sexual nature." *Hodges v. Gellerstedt,* 833 F.Supp. 898 (M.D.Fla.1993) (*quoting Henson,* 682 F.2d at 903). Plaintiff's complaint clearly and specifically alleges sexual harassment as defined above. Additionally, Plaintiff asserts that she made it clear to all Defendants that the sexual harassment was unwelcome.

Third, the harassment complained of must be based upon sex. Plaintiff, Dibernardo, alleges that the sexual advances, touching and propositions were from male employees or supervisors and were based solely upon her status as a female.

Fourth, and quite crucial, is that employee's reaction to the sexual harassment complained of affected tangible aspects of the employee's compensation, terms, conditions or privileges of employment. *Henson* at 909. "The acceptance or rejection of the harassment by the employee must be an expressed or implied condition to the receipt of a job benefit or the cause of a job detriment." *Hodges,* 833 F.Supp. 898 (M.D.Fla.1993) Plaintiff's complaint alleges that her termination was wrongful retaliation for reporting the sexual harassment. Plaintiff also alleges that she was told that if she didn't give in to the sexual advances, her work assignments would be affected, and they were.

The fifth element of *respondeat superior* is the finding of strict liability on the employer for the discriminatory acts of its supervisors. The reasoning behind this rule is that because the supervisor is acting within the scope of authority entrusted to him or her by the employer when making employment decisions, the supervisor's conduct can be fairly imputed to the source of authority. *Hodges* (*quoting Henson* 682 F.2d at 910).

Viewed in the light most favorable to Plaintiff the complaint of Plaintiff, Dibernardo, sufficiently alleges all elements of *quid pro quo* sexual harassment.

■■■ The necessary elements of a claim of sexual harassment based upon a hostile work environment include the first four elements of *quid pro quo* sexual harassment. As concluded above, Plaintiff has alleged these elements. The fifth element for hostile work environment sexual harassment is that the sexual harassment must be "sufficiently severe or pervasive as to alter the conditions of the employee's employment and create an abusive working environment." *Meritor,* 477 U.S. at 67, 106 S.Ct. at 2405. When Plaintiff's claims of sexual harassment are considered together, such allegations constitute a claim of the creation of a hostile work environment by the alleged sexual harassment of Defendants.

The Court finds, that when viewed in the light most favorable to Plaintiff, the complaint is sufficient and the Defendant's motion to dismiss shall be denied.

### *Motion to Strike*

■■■ The overwhelming public policy of the state of Florida is against sexual harassment. Florida law governs the issue of punitive damages as to state law claims. *Litman v. Massachusetts Mut. Life Ins. Co.,* 791 F.2d 855, 856 (11th Cir.1986), *vacated on other grounds* 798 F.2d 1355 (11th Cir.1986). Section 768.72, *Florida Statutes,* prohibits a claim for punitive damages "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." *Dah Chong Hong, Ltd., v. Silk Greenhouse, Inc.,* 719 F.Supp. 1072 (M.D.Fla.1989) (*quoting Smith v. Department of Insurance,* 507 So.2d 1080, 1092 (Fla.1987)).

Defendants assert that there is no evidence in the record or proffered by plaintiff that would provide for a reasonable basis for recovery of such exemplary damages. This Court disagrees and finds that Plaintiff's complaint does allege facts and establishes record evidence, in Plaintiff's affidavit attached to the complaint, which potentially could lead to the imposition of punitive damages.

**ORDERED** that Defendant's Motion to Dismiss Counts II, III, IV and V of Plaintiff's complaint be **denied,** and that the Defendant's Motion to Strike Plaintiff's demand for punitive damages be **denied.**

**DONE AND ORDERED.**