**TIRES INCORPORATED OF BROWARD, Plaintiff,**

v.

**THE GOODYEAR TIRE & RUBBER COMPANY, et al., Defendants.**

No. 02–60444–CIV.

United States District Court,
S.D. Florida.

Sept. 25, 2003.

Robert A. Plafsky, Kopelowitz & Plafsky, Fort Lauderdale, FL, Mark Irwin Blumstein, Trustee, Hollywood, FL, Carl E. Person, New York City, for plaintiff.

Isaac Jaime Mitrani, Mitrani, Rynor, Adamsky, Macaulay & Zorrilla Miami, FL, Jeanne M. Bruns, G. Jack Donson, Jr., Taft, Stettinius & Hollister, Cincinnati, OH, Michael R. Rickman, Akron, OH, Glen Reid Goldsmith, David Lee Ross, Greenberg Traurig, Edward Soto, Weil, Gotshal & Manges, Jeffrey Brian Shapiro, Arnstein & Lehr, Miami, FL, Frank E. Pasquesi, Ungaretti & Harris, Chicago, IL, Benjamine Reid, Carlton Fields, Miami, FL, Carey Michael Fischer, Fort Lauderdale, FL, H. Stephen Harris, Jr., Kristine McAlister Brown, Debra D. Bernstein, Alston & Bird, Atlanta, GA, Stephen E. Nagin, Nagin, Gallop & Figueredo, Miami, FL, John J. Barnhardt, III, Alston & Bird, Charlotte, NC, for defendants.

### *ORDER DENYING MOTIONS TO DISMISS WITH LEAVE TO AMEND*

MARRA, District Judge.

THIS CAUSE is before the Court upon Defendants Wal–Mart Stores, Sam's West, Sears Roebuck, and American Tire Distributors' Motion to Dismiss Amended Complaint [DE 98], the Martino Tire Defendants' Motion to Dismiss Count IV of the Amended Complaint [DE 99], Defendant Tiresoles' Motion to Dismiss Amended Complaint [DE 100], Defendant Goodyear's Motion to Dismiss Amended

Complaint [DE 101], Liberty Tire's Motion to Dismiss Amended Complaint [DE 102], Defendants' Request for Hearing on motions to dismiss [DE 126] and Defendants' Motion to Stay Appointment of a Mediator [DE 131]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff, a tire distributor located in Pompano Beach, Florida, filed this action against several other tire retailers and distributors and Goodyear Tire & Rubber Company, a tire manufacturer. Plaintiff has alleged price discrimination and commercial bribery under the Robinson–Patman Act, 15 U.S.C. § 13(a), (c), (d), (e) and (f), as well as other state law claims against Goodyear and the Martino Tire Defendants. Plaintiff's allegations concern the aftermarket for automotive tires, defined as tires sold to replace existing tires on cars and light trucks within a 15 miles radius of Plaintiff's single location.

In Count I, Plaintiff alleges violation of §§ 2(a) and 2(f) of the Robinson Patman Act ("RPA"). 15 U.S.C. §§ 13(a) and 13(f). Plaintiff's Amended Complaint alleges that Goodyear discriminated against it by providing Plaintiff's competitors with volume discounts, rebates, various merchandise allowances, free tires, incentive programs, advertising and promotional payments, and other benefits that are not provided on an equal basis to Plaintiff. *See* Amended Complaint, ¶¶ 58B–59, 69. In Count II, Plaintiff alleges commercial bribery in violation of § 13(c). According to Plaintiff, Goodyear allegedly made payments or gave credit reductions (of amounts otherwise payable to Goodyear by defendants) to each of the Defendants in exchange for Defendant providing Good-

year with more and better shelf space for Goodyear's tires in the Defendants' respective stores. *Id.* at ¶ 101.[1] In addition, Plaintiff alleges that Goodyear has made incentive payments to Defendants' sales employees for each tire manufactured by Goodyear. *Id.* at ¶ 104A—104F. Count III of the Amended Complaint alleges discriminatory advertising and promotional programs in violations of 15 U.S.C. §§ 13(d) and 13(e). *Id.* at ¶¶ 128–133. Some of the key allegations regarding all three of these claims are based upon "information and belief."

Count IV of the Amended Complaint alleges claims under Florida law against the Martino Tire Defendants for tortious interference, unfair competition, misappropriation of trade secrets and unjust enrichment. The Court notes that all four independent causes of action are consolidated into one claim. Plaintiff alleges that one of its former employees, Charles Provenzano, left Plaintiff's employ and three months later was using Plaintiff's customer list to develop sales for the Martino Defendants. *Id.* at ¶ 145. Plaintiff alleges that the customer lists contained prices and ordering information that were treated as confidential and secret by Plaintiff. *Id.* at ¶ 149. Plaintiff also alleges that Provenzano improperly represented to Plaintiff's customers that he was soliciting business on behalf of Plaintiff.

Finally, Counts V–IX of the Amended Complaint allege four separate claims of breach of contract against Goodyear, as well as a claim under the Florida Unfair Trade and Deceptive Practices Act. Plaintiff asserts that Goodyear failed to: 1) pay promised volume bonuses; 2) pay warranty claims and adjustments; 3) sell to Plaintiff at promised prices; and 4) sell to

---

1. Plaintiff has withdrawn many of the allegations in Count II pertaining to commercial bribery. *See* Plaintiff's Memoranda in Opposition to Defendants' Motions [DE 109 at p. 1, n. "a"; DE 113 at p. 3].

Plaintiff at promised lower prices. Amended Complaint, ¶¶ 152–186.

## II. DISCUSSION

Defendants have moved to dismiss the Amended Complaint for failure to state a claim. It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero,* 963 F.2d 332, 334–336 (11th Cir. 1992) (citing *Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967)).

### A. Robinson–Patman Act

■ To establish a price discrimination claim under the RPA:

a plaintiff must show: 1) that the defendant discriminated in price, discounts, or services between purchasers of commodities of like grade and quality in the course of interstate commerce; 2) that the price discrimination resulted in the requisite injury to competition or competitors; and 3) at least the approximate amount of damages.

*Walker v. Hallmark Cards, Inc.,* 992 F.Supp. 1335, 1338 (M.D.Fla.1997), *citing Chrysler Credit Corp. v. J. Truett Payne Co. Inc.,* 670 F.2d 575, 578 (5th Cir.1982), *cert. denied,* 459 U.S. 908, 103 S.Ct. 212, 74 L.Ed.2d 169 (1982) and *Malcolm v. Marathon Oil Co.,* 642 F.2d 845, 852 (5th Cir. 1981).[2]

■ Plaintiff's Amended Complaint does make general allegations of each element of a price discrimination claim under the RPA. However, Defendants argue that Plaintiff has not pled any *facts* sufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. While notice pleading without a heightened standard applies to RPA complaint, "[a] plaintiff must plead sufficient facts so that each element of the alleged antitrust violation can be identified. Conclusory allegations 'will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.... However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent.'" *Municipal Utilities Bd. of Albertville v. Alabama Power Co.,* 934 F.2d 1493, 1501 (11th Cir.1991), *citing Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp.,* 711 F.2d 989, 995 (11th Cir.1983).

■ Defendants are correct that Plaintiff alleges a long list of possible incentive or pricing benefits provided by Goodyear to Defendants, without alleging any specific facts regarding any of the myriad of incentives or benefits, and without identifying what incentives apply to which Defendants. Pursuant to Rule 8(a), Plaintiff has not made a short and plain statement of the case in order to put Defendants on notice of the particular discriminatory acts in which they have engaged. Similarly, the Amended Complaint does not sufficiently allege that the tires are of like grade and quality. Plaintiff simply states that it sells 122 kinds of Kelly tires and that Goodyear's Kelly tires are the same as non-Kelly tire private brands sold to the other Defendants. Plaintiff is a tire distributor and presumably knows the

---

2. The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

characteristics of the products it sells. Furthermore, Plaintiff has the ability to investigate, and presumably has already investigated, the specific tires manufactured by Goodyear and sold to the other Defendants which it claims are of like grade and quality. Plaintiff should be required to name in its complaint the specific tires by make and model sold by Goodyear to a particular Defendant and to state with some specificity the facts which support the ultimate conclusion that the tires are of like grade and quality. Allowing this case to go forward based upon these general allegations would create unmanageable discovery regarding nearly every Goodyear tire sold in Broward County. While Plaintiff need not "allege the exact price paid by each of them and [Defendants] for each specific [tire]," Plaintiff must give adequate notice of the kind of price discrimination and the range of tires of like grade and quality. *See United Magazine Company v. Murdoch Magazines Distribution, Inc.*, 146 F.Supp.2d 385, 395 (S.D.N.Y.2001).

With respect to the claim in Count III regarding discriminatory advertising and promotional programs, this claim has the same lack of any facts as with Count I. In particular, Plaintiff specifically incorporates the 54 different methods of price discrimination listed in Count I. *See* ¶ 130 in Count III, referring to ¶ 69–A through ¶ 69–BBB.

The Court concludes that Defendants' motions to dismiss for failure to state a claim should be granted with respect to the Robinson–Patman Act claims.[3] The Court will give Plaintiff another opportunity to file an amended complaint that sufficiently states such claims.

### B. Misappropriation of Trade Secrets, et al.

In Count IV, Plaintiff has alleged four separate theories of recovery regarding customer list information allegedly taken by its former employee and used by the Martino Defendants to solicit Plaintiff's customers. The Court notes that it is improper pleading form to include four distinct causes of action in one count, even if all four causes of action arise out of the same facts.[4] These allegations should be re-pled as separate claims.[5] As to the merits of Defendants' motion to dismiss, it would appear that a customer list with names, addresses, phone numbers, *and prices* can constitute a trade secret in the absence of an allegation that the list was the "product of any great expense or effort" because it contains non-public information such as pricing information. *See Mittenzwei v. Industrial Waste Service, Inc.*, 618 So.2d 328, 329 (Fla. 3d DCA 1993) and cases cited therein.

### C. Breach of Contract Claims

Defendant Goodyear urges this Court to not exercise supplemental jurisdiction over

---

3. With regard to the commercial bribery claims in Count II, supra note 1, Plaintiff in two separate references withdrawn several parts of the claims in Count II. It is unclear whether Plaintiff has withdrawn all of the commercial bribery claims. If Plaintiff files a second amended complaint, Plaintiff should use that opportunity to clarify whether any portion of Count II remains.

4. The Court notes that the facts relating to these claims against the Martino Tire Defen-

dants are completely separate from the Robinson–Patman claims in Counts I–III, and from the breach of contract claims against Goodyear.

5. The Court notes that an election of remedies regarding an equitable claim such as unjust enrichment need not be made until after a verdict and before entry of judgment. *Wynfield v. Edward LeRoux Group, Inc.*, 896 F.2d 483, 488 (11th Cir.1990).

the breach of contract claims if the anti-trust claims are dismissed. Resolution of this question should await final resolution of any anticipated motions directed to Plaintiff's Second Amended Complaint.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND AD-JUDGED** as follows:

1. Defendants Wal–Mart Stores, Sam's West, Sears Roebuck, and American Tire Distributors' Motion to Dismiss Amended Complaint [DE 98] is hereby **GRANTED**, without prejudice to the filing of a Second Amended Complaint

2. The Martino Tire Defendants' Motion to Dismiss Count IV of the Amended Complaint [DE 99] is hereby **GRANTED**, without prejudice to the filing of a Second Amended Complaint;

3. Defendant Tiresoles' Motion to Dismiss Amended Complaint [DE 100] is hereby **GRANTED**, without prejudice to the filing of a Second Amended Complaint;

4. Defendant Goodyear's Motion to Dismiss Amended Complaint [DE 101] is hereby **GRANTED** in part as to Counts I, II and III, without prejudice to the filing of a Second Amended Complaint, and **DENIED**, without prejudice, as to claims V–IX;

5. Liberty Tire's Motion to Dismiss Amended Complaint [DE 102] is hereby **GRANTED**, without prejudice to the filing of a Second Amended Complaint;

6. Defendants' Request for Hearing on motions to dismiss [DE 126] is hereby **DENIED**;

7. Defendants' Motion to Stay Appointment of a Mediator [DE 131] is hereby **GRANTED**;

8. Plaintiff shall file a Second Amended Complaint no later than October 29, 2003. Failure of Plaintiff to file a Second Amended Complaint by October 29, 2003 will result in the closing of this case

9. The Court will separately enter a new scheduling order for this case after filing of an answer or resolution of any motions to dismiss a second amended complaint.