Claudette DANIEL, Plaintiff,

v.

SELECT PORTFOLIO SERVICING, LLC, Defendant.

CASE NO.: 0:15–CV–62445–WPD

United States District Court, S.D. Florida.

Signed January 27, 2016

Filed January 28, 2016

Yechezkel Rodal, Loan Lawyers, LLC, Ft. Lauderdale, FL, Aaron David Silvers, Loan Lawyers, LLC, Plantation, FL, for Plaintiff.

Benjamin Bruce Brown, Quarles & Brady, Naples, FL, for Defendant.

### ORDER DENYING MOTION TO DISMISS AND MOTION TO STAY

WILLIAM P. DIMITROULEAS, United States District Judge

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiffs Complaint [DE 14], filed herein on December 15, 2015. The Court has carefully considered the Motion, the Response .[DE 18], and the Reply [DE 19]. The Court is otherwise fully advised in the premises.

## I. Background

Plaintiff, Claudette Daniel, commenced this action on November 19, 2015. [DE 1], Defendant, Select Portfolio Servicing, LLC ("SPS"), is the servicer for the loan obligation secured by a mortgage upon Plaintiff's primary residence and principle dwelling, located in Pembroke Pines, Florida (the "Property"). [¶ 13], SPS hires a third party, Safeguard Properties, LLC ("Safeguard") to order and/or perform property inspections of the Property. [¶ 43], Safeguard charges $12.00 per inspection. [¶ 45]. SPS has charged Plaintiff $15.00 for those same inspections. [¶¶ 39, 46], SPS also charges $1.50 in addition to each property inspection charge, labeling it as "MISC. CORPORATE DISBURSEMENT." [¶ 41], Plaintiff alleges that: (1) the $1.50 fee is not proper; (2) SPS marks up the cost of the inspections from $12.00 to $15.00; and (3) SPS has been ordering property inspections indiscriminately and without any justifiable basis. [¶¶ 42, 48–49], The allegedly unlawful charges accrue interest. [¶ 47],

Daniels alleges that SPS violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55–559.785 ("FCCPA"). [¶ 1], The Motion to Dismiss is directed toward Daniel's FDCPA and FCCPA claims. In the alternative, Plaintiff moves to stay all proceedings until the United States Supreme Court rules on the dispositive issues in Spokeo, Inc. v. Robins, Thomas, Case No. 13–1339, cert. granted (April 27, 2015).

## II. Standard of Review

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the

pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley*, 355 U.S. at 41, 78 S.Ct. 99). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 588 n. 8, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

### III. Discussion

#### a. FDCPA Violations

In Counts II and III, Daniel alleges violations of two provisions of the FDCPA–15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

15 U.S.C. § 1692e states, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

   (A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer.

Daniel argues that that $15.00 charge for each property inspection is a false representation of the amount of a debt, as SPS actually only incurred at $12.00 expense. [¶ 65]. Daniel also opines that the $1.50 charge is a false representation of a service rendered, because the charge is not actually attributable to any service rendered. [¶ 67].

15 U.S.C. § 1692f states, in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized

by the agreement creating the debt or permitted by law.

Daniel alleges that the $15.00 property inspection charge is not permitted by law because SPS only incurred a $12.00 expense for the property inspection. [¶ 75]. Daniel asserts that the $1.50 charge violates the FDCPA because it is not permitted by law, as it is not attributable to any service rendered. [¶ 76].

SPS argues that the FDCPA claims fail as a matter of law because the clear and unambiguous language of the mortgage allows the lender to charge Daniel for services performed in connection with the borrower's default, including property inspections. Daniel's FDCPA claims do not, however, hinge upon the legitimacy of charges for property inspections, generally. Rather, the gravamen of Daniel's claims is that the property inspection charges were marked up and that an additional fee was charged, for which no services were rendered. The Court will not dismiss Plaintiffs' FDCPA claims,

### b. FCCPA

In relevant part, the FCCPA makes it unlawful for any person to, "[i]n collecting consumer debts ... [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72. To establish a violation under section 559.72(9) of the FCCPA, "it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Bentley v. Bank of Am., N.A.*, 773 F.Supp.2d 1367, 1372–73 (S.D.Fla.2011) (quoting *Pollock v. Bay Area Credit Serv., LLC*, Case No. 08–61101–CIV, 2009 WL 2475167, at *9 (S.D.Fla. Aug. 13, 2009)). Daniels alleges that both the $1.50 charge and $15.00 charge violated the FCCPA.

Again, SPS argues that the mortgage permits the servicer to charge Daniel property inspection fees. For the same reason the Court denies the Motion to Dismiss as to Daniel's FDCPA claims, the Court denies the Motion to Dismiss as to Daniel's FCCPA claim.

### c. Motion to Stay

In the alternative to the Motion to Dismiss, SPS requests that the Court stay the case pending the United States Supreme Court's ruling in *Spokeo, Inc. v. Robins, Thomas,* Case No. 13–1339, cert. granted (April 27, 2015). SPS argues that this case may become moot, depending on the outcome of *Spokeo*. A court has broad discretion in determining whether to grant a stay. *See Ortega Trujillo v. Conover & Co. Commc'ns,* 221 F.3d 1262, 1264 (11th Cir.2000). As it is not clear whether the *Spokeo* decision would actually apply to the instant matter and SPS does not even argue that it would apply to Count I, the Court denies the Motion to Stay.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss [DE 14] is hereby **DENIED;** and

2. The Motion to Stay [DE 21] is hereby **DENIED.**

**DONE AND ORDERED** in chambers in Ft. Lauderdale, Florida this 27th day of January 2016.