Teresa G. SUSSMAN, f/k/a Teresa
M. Gaffney, Plaintiff,

v.

SALEM, SAXON & NIELSEN, P.A.,
Bernice Saxon, Richard Salem, and
Richard A. Nielsen, Defendants.

No. 91–776–Civ–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

March 8, 1993.

Anthony F. Gonzalez, Law Office of Anthony F. Gonzalez, Tampa, FL, Neil Harvey Chonin, Chonin & Sher, P.A., Coral Gables, FL, for plaintiff.

Thomas M. Gonzalez, and Mark A. Hanley, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

## ORDER ON MOTION FOR RECONSIDERATION OF COURT'S ORDER ON MOTIONS; AND ON MOTION TO AMEND COURT'S ORDER

KOVACHEVICH, District Judge.

This cause is before the court on two related motions filed by Defendants in this case: a Motion to Amend (this Court's) Order on Motions, such order dated May 29, 1992; 792 F.Supp. 1278 and a Motion for Reconsideration of Court's Order Granting Plaintiff's Motion to Amend Complaint for Civil Rights Act of 1991. The former motion requests the inclusion of additional language in the order dated May 29, 1992 (Docket No. 45) to facilitate Defendants' immediate appeal of that Order. The second of the two motions disposed of by this order requests reconsideration of this Court's May 29, 1992, order, based on the recent publication of an opinion by the Court of Appeals for the Eleventh Circuit. That opinion, *Baynes v. AT & T Technologies, Inc.*, 976 F.2d 1370 (11th Cir. 1992), addressed the question of retroactivity of the changes contained in the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (codified primarily as several sections of 42 U.S.C.).

### STATEMENT OF FACTS

In this action, Plaintiff alleges that certain actions of Defendants subjected Plaintiff to a hostile working environment and discrimination on account of her pregnancy, steadily increasing in intensity and culminating in her discharge. Plaintiff further alleges that conduct of Defendants was done with malice or with reckless indifference to her federally protected rights. Plaintiff also alleges that as a result of Defendants' discriminatory actions and termination, she suffered the loss of salary and fringe benefits.

RELEVANT PROCEDURAL HISTORY

In response to Defendants' Motion to Strike Plaintiff's Request for Punitive Damages and Jury Trial filed on July 15, 1991 (Docket No. 3), and to Plaintiff's Motion to Amend Complaint (Docket No. 19), this Court issued an order denying the former and granting the latter. Defendants then moved (see Docket No. 53) to amend this May 29, 1992, order, to add language which would facilitate the immediate appeal of that non-final order. Defendants cited intra-district and intra-circuit conflict on the question of retroactivity of the Civil Rights Act of 1991 ("the Act") as the basis for requesting amendment of this Court's order.

Following the filing of the Defendants' Motion to Amend, Defendants filed a Motion for Reconsideration of the denial of the earlier Motion to Strike. Defendants cite the Eleventh Circuit Court of Appeals' recent opinion in *Baynes, supra,* in support of their motion. In *Baynes,* the Circuit Court held that the provisions of the Act, particularly those providing a right to a jury trial, should not be applied retroactively in cases where judgment had been rendered before the Act's effective date. The *Baynes* court specifically left open the question of whether the Act's provisions should apply retroactively in those cases, such as this dispute, where judgment had not yet been rendered on the date the Act's provisions became effective. *Baynes,* 976 F.2d at 1372 n. 1.

Since the decision in *Baynes,* and after the filing of the Motion for Reconsideration, a panel of the appellate court has ruled on the Act's retroactivity in instances where judgment had not been entered on the date the Act became effective, November 21, 1991. In *Curtis v. Metro Ambulance Serv., Inc.,* 982 F.2d 472 (11th Cir.1993), the court held that the Act's provisions are also not considered retroactive in cases where the effective date preceded rendition of the district court's judgment in actions which arose before that date. In light of this new ruling, this Court now considers Defendants' motions.

ANALYSIS

▪ The decision in *Curtis* is unambiguous. The rights to seek compensatory and punitive damages and to request a jury trial, as established by the Act, must now be considered as extending only prospectively. In this circuit this rule now applies irrespective of whether or not a judgment by the district court had been rendered before the effective date of the Act. The panel hearing *Curtis* also noted that the question of retroactivity of the Act warrants en banc review. Unless and until such review occurs, this Court will consider the provisions added by the Civil Rights Act, unless the Act specifically indicates to the contrary, as applicable only to actions arising after the effective date of the Act. Accordingly, it is

ORDERED that the Motion to Amend Order on Motions be denied as moot, the Motion for Reconsideration be granted and the order of May 29, 1992, be amended so that the portions of the Plaintiff's Amended Complaint and Demand for Jury Trial, filed June 8, 1992, (Docket No. 47) that seek compensatory and punitive damages and a jury trial be stricken.

DONE and ORDERED.