**Lorraine M. CAPRIO, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**No. 92–143–CIV–FTM–17.**

United States District Court,
M.D. Florida,
Fort Myers Division.

March 25, 1994.

Rochelle Zukor Catz, Ft. Myers, FL, Robert F. McKee, Kelly, McKee, Herdman & Ramus, P.A., Tampa, FL, Josephine Gagliardi, Law Office of Josephine Gagliardi, Fort Myers, FL, Robert F. McKee, Law Office of Robert F. McKee, Tampa, FL, for Lorraine M. Caprio.

Peter Wolfson Zinober, Mary L. Creasy, Zinober & McCrea, P.A., Tampa, FL, Jean Ann Ryan, Bond, Schoeneck & King, Naples, FL, for American Airlines, Inc.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on the following motions: Defendant's Motion for Summary Judgment as to Plaintiff's 1991 Civil Rights Act Claims, and to Strike Prayer for Compensatory and Punitive Damages (Docket No. 32), Defendant's Motion to Dismiss John D. Murray as Defendant (Docket No. 35), Defendant's Motion for Partial Summary Judgment (Docket No. 37), Defendant's Motion to Limit Plaintiff's Witness List (Docket No. 61), and Defendant's Motion to Strike Portions of the Affidavit of Lorraine M. Caprio (Docket No. 62).

### STATEMENT OF THE FACTS

Defendant, American Airlines, Inc., hired Lorraine M. Caprio, Plaintiff, as a reservation sales agent on April 24, 1978. Plaintiff alleges that Defendant's employees, John Murray and Roy Braganza, subjected Plaintiff to a hostile working environment and sexually harassed her in violation of her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* The alleged sexual harassment began in February, 1985 and continued through July, 1989. Plaintiff further alleges that Defendant discharged her on May 1, 1990 in retaliation for a discrimination charge she filed with the Equal Employment Opportunity Commission. In addition, Plaintiff alleges that Defendant negligently hired and retained John Murray and Roy Braganza and that "Defendant, John Murray" committed battery on Plaintiff when he touched Plain-

tiff's buttocks in an offensive and unwanted manner.

On October 16, 1992, Plaintiff moved to amend her complaint and requested additional relief pursuant to the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991). Specifically, Plaintiff amended her prayer for relief and requested compensatory and punitive damages. Plaintiff's motion to amend her complaint was granted by order of this Court dated August 24, 1993 (Docket No. 23).

## ANALYSIS

*A. Defendant's Motion for Summary Judgment as to Plaintiff's 1991 Civil Rights Act Claims, and to Strike Prayer for Compensatory and Punitive Damages*

On December 7, 1993, Defendant filed a motion for summary judgment as to Plaintiff's claims under the Civil Rights Act of 1991 and to strike Plaintiff's prayer for compensatory and punitive damages (Docket No. 32). As to Plaintiff's claim under the 1991 Civil Rights Act, Defendant seeks summary judgment and claims that the applicable provisions of the Act operate prospectively only, and all of Plaintiff's alleged injuries pre-date the effective date of the Act.

On November 22, 1991, Congress passed the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991), which modified employment discrimination law by allowing compensatory and punitive damages for victims of intentional discrimination and jury trials for Title VII claims. Section 402(a) of the 1991 Civil Rights Act provides: "Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." Pub.L. No. 102–166, § 402(a), 105 Stat. 1071. This language could be construed to mean either that the Act should be applied to any charge or case pending on or after the date of enactment, or that it should be applied only to conduct occurring after that date. The legislative history does not provide any guidance on this question. *See, e.g., Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370, 1372 (11th Cir.1992) ("The Civil Rights Act of 1991 does not say whether it applies retroactively or

prospectively."); *Mozee v. American Commercial Marine Serv. Co.,* 963 F.2d 929, 934 (7th Cir.1992) ("A clear indication of congressional intent cannot be deciphered from the legislative history or the 1991 Act's language.").

The United States Supreme Court has declined to resolve the conflict in its own rules on the approach to retroactive application of new federal statutes where Congressional intent is unclear or silent. *Compare Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988) (presumption of prospectiveness), *with Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (presumption of retroactivity); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990) (declining to resolve the "apparent tension" between the *Bradley* and *Bowen* line of cases).

The Eleventh Circuit has recently addressed the issue of the retroactive application of the Civil Rights Act of 1991 in *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370 (11th Cir.1992) and *Curtis v. Metro Ambulance Service, Inc.,* 982 F.2d 472 (11th Cir. 1993). In both of these cases, the court concluded that the Civil Rights Act of 1991 applies only prospectively. Furthermore, this Court, in *Sussman v. Salem Saxon & Nielsen, P.A.,* 815 F.Supp. 1447, 1448 (M.D.Fla.1993), stated that "[t]he rights to seek compensatory and punitive damages and to request a jury trial, as established by the Act, must now be considered as extending only prospectively."

■ The *Curtis* court noted that the question of the retroactivity of the Civil Rights Act of 1991 warrants *en banc* review by the Eleventh Circuit. *Curtis,* 982 F.2d at 474. Until such review occurs, this Court will consider the provisions added by the Act as applicable only to conduct arising after the effective date of the Act. Based on the fact that the alleged discriminatory action occurred between February 1985 and July 1989, more than two years prior to the effective date of the Act, Defendant's Motion for Summary Judgment as to Plaintiff's 1991 Civil Rights Act Claims, and to Strike Prayer

for Compensatory and Punitive Damages is **GRANTED**.

## B. Defendant's Motion to Dismiss John D. Murray as Defendant

■ On February 23, 1994, Defendant, American Airlines, Inc., filed a motion to dismiss John D. Murray as a defendant in this case, in the event that he is in fact a defendant, pursuant to Federal Rule of Civil Procedure 4(j). Plaintiff filed her original complaint in this case on April 29, 1992 (Docket No. 1). American Airlines was the only Defendant identified in the caption of the case and was the only party named as a defendant in the section of Plaintiff's complaint styled "IV. Parties." John D. Murray was not identified in the style of the case as a defendant, nor was he named in the sections of Plaintiff's complaint describing the "Nature of Claim," or "Allegations Common to All Counts." Furthermore, in the sections of the complaint identifying claims for relief where his conduct is at issue, John D. Murray was not described as a defendant in the claim for relief under Title VII, or in the claim for relief under the negligent retention and supervision doctrine. However, in paragraph 26 of the complaint, Plaintiff alleges a claim for battery and states that "Defendant, John Murray in his capacity as General Manager of Defendant's Fort Myers Branch, repeatedly touched Plaintiff's buttocks in an offensive and unwanted manner." (Docket No. 1, Plaintiff's Complaint ¶ 26).

Defendant asserts that John Murray has not been put on notice that he was intended to be included as a defendant in this action because he has not been served with a summons and complaint. Federal Rule of Civil Procedure 4(j) states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the

court's own initiative with notice to such party or upon motion....

Fed.R.Civ.P. 4(j) (1993).

Because more than 120 days have elapsed since the filing of Plaintiff's complaint on April 29, 1992, and John D. Murray has not been served with a summons or complaint, this Court must dismiss him as a defendant. Accordingly, Defendant's Motion to Dismiss John D. Murray as Defendant is **GRANTED**.

## C. Defendant's Motion for Partial Summary Judgment and Motion to Strike Portions of Plaintiff's Affidavit

Plaintiff filed this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as well as pendent state tort claims for battery and negligent retention and supervision. As relief under the pendent tort claims, Plaintiff seeks compensatory and punitive damages. Plaintiff also requests a jury trial as to these issues. Defendant has moved for summary judgment and requests this Court to dismiss Plaintiff's two state tort claims against American Airlines and her request for a jury trial based on these issues. Defendant has also filed a Motion to Strike Portions of Plaintiff's Affidavit (Docket No. 62) which were filed in support of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment (Docket No. 45).

■ Plaintiff's claim of battery consists of allegations in her complaint that "Murray repeatedly and consistently · slapped and/or grabbed Plaintiff suggestively on her buttocks," and "touched Plaintiff's buttocks in an offensive and unwanted manner." (Docket No. 1, Plaintiff's Complaint ¶¶ 12 and 26). Additional allegations of battery are contained in Plaintiff's affidavit and deposition, and in a letter Plaintiff sent to Barbara Landers, Director of Recruitment and Personnel Services at American Airline's corporate office (*See generally* Docket No. 43). In these documents, Plaintiff alleges that John Murray and Roy Braganza touched and grabbed Plaintiff's buttocks and breasts on numerous occasions.

■ In order to state a battery claim against Defendant based on the conduct of

its employees, John Murray and Roy Braganza, Plaintiff must offer evidence creating a genuine issue of material fact that Murray and Braganza were acting within the scope of their employment. *See Kane Furniture Corp. v. Miranda,* 506 So.2d 1061 (Fla. 2d DCA 1987); *Schwartz v. Zippy Mart, Inc.,* 470 So.2d 720 (Fla. 1st DCA 1985). For the alleged conduct to have been within the scope of employment, it must have been the kind Murray and Braganza were employed to perform, the conduct must have occurred substantially within the time and space limits of their employment, and it must have been activated at least in part by a purpose to serve American Airlines. *See Morrison Motor Co. v. Manheim Servs. Corp.,* 346 So.2d 102, 104 (Fla. 2d DCA 1977). As the court stated in *Morrison,* the "convenient test is whether the employee was doing what his employment contemplated." *Id.*

■ It is well established that the question of whether an employee was acting within the scope of his employment is one best submitted to a jury. *See City of Miami v. Simpson,* 172 So.2d 435, 437 (Fla.1965); *Columbia By The Sea, Inc. v. Petty,* 157 So.2d 190, 193–94 (Fla. 2d DCA 1963). Although there is persuasive argument that Murray and Braganza acted for purely personal reasons entirely divorced from their responsibilities as supervisors of American Airlines' Fort Myers branch, this Court will follow the established principle that the question of scope of employment is best left to the determination of a jury.

Defendant also seeks summary judgment as to Plaintiff's battery and negligent retention and supervision claims based on Florida's statute of limitations. The Florida limitations period for filing complaints based on intentional torts is four years. *See* Fla.Stat. § 95.11(3) (1993). Plaintiff filed the instant action with this Court on April 29, 1992.

The majority of Plaintiff's battery and negligent retention and supervision allegations concern conduct that allegedly occurred prior to April 28, 1988, the applicable state statute of limitations period based on the filing of this action. For example, Plaintiff sent a letter to Barbara Landers, Director of Recruitment and Personnel Services at Ameri-

can Airlines, on February 15, 1988 alleging that she had been sexually harassed by John Murray and Roy Braganza. In this letter, Plaintiff alleged numerous instances of physical and verbal conduct including, but not limited to: (1) an attempt by Braganza to kiss Plaintiff in February 1985; (2) Braganza turning Plaintiff around and making a comment about her buttocks to a group of employees in February 1987; (3) Murray persistently slapping Plaintiff's buttocks, but this action had not been done since May 1987 when Plaintiff elbowed Murray in the stomach after one such instance. Additional allegations of battery are contained in Plaintiff's deposition including attempts by Braganza to place his fingers in Plaintiff's blouse and attempts by Murray to touch Plaintiff's breasts, all occurring in 1985.

■ In addition to the above allegations, Plaintiff submitted an affidavit, dated February 28, 1994, as evidence to support her position that there is a material dispute of fact as to whether the Florida statute of limitations bars the present action. Defendant subsequently filed a Motion to Strike Portions of the Affidavit of Lorraine M. Caprio (Docket No. 62) requesting that this Court strike paragraphs 5, 6, 7, and 8 of the affidavit and, pursuant to Federal Rules of Civil Procedure 56(g), award attorneys' fees and costs incurred in bringing this motion.

The contested paragraphs of Plaintiff's affidavit state:

5. In 1985, and again in 1989, Roy Braganza reached into my blouse and tried to touch my breasts. I quickly pulled away, but still felt his fingers touch my chest.

6. From 1985 to 1989, John Murray consistently and repeatedly slapped or grabbed my buttocks. He also consistently and repeatedly reached up my dress and grabbed my legs as he would reach for a bag tag. This slapping and grabbing was the normal procedure with Mr. Murray.

7. John Murray also consistently and repeatedly poked me around the breast area. Sometimes he would come in and start tickling me and his fingers would eventually be poking my breast area. These inci-

dents occurred sporadically from 1985 until 1989.

8. Sometime around June or July 1989, while I was working alone at the departure gate, John Murray made a comment about how sexy I looked in my uniform and how he was getting sexually excited. He also rubbed up against me.

Defendant argues that Plaintiff has adopted a revisionist view of the time period in which much of the alleged conduct occurred in order to avoid application of Florida's statute of limitations. Defendant asserts that Plaintiff's affidavit conflicts with her deposition testimony regarding material instances of fact. Defendant notes that as to contested paragraph 5, Plaintiff testified at her deposition that the alleged touching of her breasts "might have happened a couple of times throughout the course of my employment in Fort Myers, but I remember it being initiated in 1985." In her deposition, Plaintiff did not mention that this incident occurred again in 1989. Paragraph 6 of Plaintiff's affidavit states that John Murray repeatedly slapped Plaintiff on the buttocks from 1985 to 1989. In deposition, however, Plaintiff testified:

Q: This went on for how long?

A: I remember it the most explicitly right in the beginning of 1985.

Q: Just in 1985?

A: Could have even been a little after that, you know throughout 1985 and 1986. And then I remember pretty much securing a night shift and not running into that.

And in her letter to Barbara Landers, Plaintiff stated that "Mr. Murray has persisted in slapping myself and other employees on the rear end. He has not done this since May, 1987 when I elbowed him in the stomach after one such incident." In paragraph 7 of her affidavit, Plaintiff alleges that Murray repeatedly poked her around her breast area and this conduct occurred sporadically from 1985 until 1989. In deposition, Plaintiff testified that this conduct took place "right in the beginning, early 1985." In paragraph 8, Plaintiff asserts that, sometime in June or July 1989, John Murray commented on how sexy Plaintiff looked in her uniform and Mur-

ray rubbed up against her. Upon being asked about this incident at her deposition, Plaintiff stated that she did not know when this incident occurred. However, when asked if she ever reported this specific incident to anyone, Plaintiff answered that she believed she reported it to Barbara Landers in her February 1988 letter.

Although the majority of the alleged conduct clearly occurred in 1985, Plaintiff's deposition testimony indicates that some of the conduct may have occurred subsequent to April 28, 1988. In addition, Plaintiff states in her affidavit that she met with American Airlines' personnel on June 16, 1989 to discuss the sexual harassment and working conditions at the Fort Myers branch. At that time, Plaintiff explained that the grabbing of the legs and the sexual harassment were still going on even after Barbara Landers concluded her investigation of Plaintiff's complaint. Based on these reasons, Defendant's Motion to Strike Portions of the Affidavit of Lorraine M. Caprio is **DENIED**.

■ Although Plaintiff has alleged that conduct forming the basis of her complaint occurred subsequent to April 28, 1988, the majority of the conduct occurred prior to that date. Defendant seeks partial summary judgment as to any conduct occurring prior to Florida's statute of limitations. Plaintiff, however, argues that the statute of limitation on her tort claims should be tolled during the pendency of her charge before the Equal Employment Opportunity Commission (EEOC). However, the fact that a plaintiff filed a claim with the EEOC does not mean that Florida's statute of limitations period should be tolled. Cf. *Farancz v. St. Mary's Hosp., Inc.*, 585 So.2d 1151 (Fla. 4th DCA 1991) (filing of charge with the Florida Commission on Human Relations did not toll four-year statute of limitation under Florida Statute § 95.11(3)). In the present case, Plaintiff's tort claims must have occurred within the four year statute of limitations period to be actionable. Thus, any conduct occurring prior to April 28, 1988 is barred by Florida's four-year statute of limitations. Accordingly, Defendant's Motion for Partial Summary Judgment is **GRANTED** as to the battery and negligent retention and supervi-

sion claims to the extent that they are based upon conduct occurring prior to April 28, 1988.

■ Defendant's motion for partial summary judgment also requests that this Court dismiss Plaintiff's request for punitive damages based upon her tort claims of battery and negligent retention and supervision. As determined above, Defendant will not be liable for any damages, including punitive damages, related to any conduct constituting battery which occurred prior to April 28, 1988.

■ In order to submit a claim for punitive damages based upon intentional torts to the jury, Plaintiff must make a threshold showing that Defendant's conduct approaches a level that "transcends the level of simple negligence, and even gross negligence, ... and enters the realm of wanton intentionality, exaggerated recklessness, or such an extreme degree of negligence as to parallel an intentional and reprehensible act." *American Cyanamid Co. v. Roy*, 498 So.2d 859, 861 (Fla.1986) (citation omitted). *See also Como Oil Co. v. O'Loughlin*, 466 So.2d 1061, 1062 (Fla.1985) (stating that "the degree of negligence necessary for punitive damages is willful and wanton misconduct equivalent to criminal manslaughter."). In the present case, Plaintiff has failed to present evidence of gross negligence sufficient to create a jury question as to punitive damages. Defendant conducted a lengthy investigation of Plaintiff's complaint, interviewed the parties, and concluded that the charges were without merit. Although Plaintiff alleges that she was fired in retaliation for filing her claim with the EEOC, she has presented no evidence that Defendant's conduct rose to the level of "wanton misconduct equivalent to criminal manslaughter." *O'Loughlin*, 466 So.2d at 1062. Accordingly, Defendant's Motion for Partial Summary Judgment is GRANTED as it relates to Plaintiff's request for punitive damages based on the intentional torts of battery and negligent retention and supervision.

## D. *Defendant's Motion to Limit Plaintiff's Witness List*

■ Defendant requests that this Court strike the designation "any witnesses called by Defendant" from Plaintiff's witness list. Pursuant to a Pretrial Order, this Court specifically directed the parties to identify all witnesses expected to be called at trial. Plaintiff included a catchall designation at the end of her witness list which stated that she would call "any witnesses called by Defendant." Defendant seeks to strike this designation.

This Court notes that Local Rule 3.06 requires that the parties disclose at the final pretrial conference the names and addresses of all witnesses. Plaintiff's listing of "any witnesses called by Defendant" should not invoke any mysteries. Accordingly, Defendant's Motion to Limit Plaintiff's Witness List is **DENIED.**

### SUMMARY OF ORDERS

In summary, this Court **ORDERS** the following:

1. Defendant's Motion for Summary Judgment as to Plaintiff's 1991 Civil Rights Act Claims, and to Strike Prayer for Compensatory and Punitive Damages is **GRANTED.**

2. Defendant's Motion to Dismiss John D. Murray as Defendant is **GRANTED.**

3. Defendant's Motion to Strike Portions of the Affidavit of Lorraine M. Caprio is **DENIED.**

4. Defendant's Motion for Partial Summary Judgment is **GRANTED** as to the battery and negligent retention and supervision claims to the extent that they are based upon conduct occurring prior to April 28, 1988.

5. Defendant's Motion for Partial Summary Judgment is **GRANTED** as it relates to Plaintiff's request for punitive damages based on the intentional torts of battery and negligent retention and supervision.

6. Defendant's Motion to Limit Plaintiff's Witness List is **DENIED.**

**DONE** and **ORDERED.**